WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Debra Ann Nickolas, et al.,<br><br>　　　　　　Defendants. | No. CR-12-01927-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant David Rachel's Motion to Sever (Doc. 311) and the Government's Response (Doc. 327). For the following reasons, Defendant's Motion will be denied.

In counts 1–28 of the Superseding Indictment, the Government has charged all Defendants with conspiracy, wire fraud, and money laundering arising from an alleged scheme to defraud borrowers. In counts 29 and 30, respectively, it has also charged Defendant Nickolas with filing a false tax return and making a false statement to obtain a hardship deferment for a student loan. Both counts arise from underreporting income.

Defendant Nickolas and Defendants Cutulle and Brewer previously filed motions to sever. In Nickolas's motion (Doc. 154), she requested the tax and false statement charges be severed pursuant to Federal Rules of Criminal Procedure 8 and 14. She argued the indictment did not allege a connection between counts 1–28 and counts 29 and 30. Cutulle and Brewer moved to sever their trials from Nickolas (Doc. 187) under Rule 14, asserting their defenses were mutually antagonistic to hers. On January 27, 2014, the Court heard

argument and denied the motions (Doc. 221).  Rachel's pending motion largely tracks the arguments his codefendants made.  Like Nickolas, he argues counts 29 and 30 are improperly joined with counts 1–28 under Rule 8.  Like Brewer and Cutulle, he believes a joint trial will cause substantial prejudice justifying Rule 14 severance.

**I.   RULE 8**

Rachel first argues counts 29 and 30 against Nickolas are improperly joined with counts 1–28.  Rule 8 provides the following:

> Joinder of Defendants.  The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Civ. P. 8(b).  Whether conduct constitutes the "same series of acts or transactions" turns on finding a logical relationship between the transactions.  *United States v. Vasquez-Velasco*, 15 F.3d 833, 843 (9th Cir. 1994).  "A logical relationship is typically shown by the existence of a common plan, scheme, or conspiracy."  *Id.* at 844 (quotation marks omitted).  The necessary relationship is usually established "by showing that substantially the same facts must be adduced to prove each of the joined offenses."  *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977); *see also Vasquez-Velasco*, 15 F.3d at 844 (9th Cir. 1994).

The logical relationship between the fraud charged against all Defendants and the false statements charged against Nickolas is apparent.  The Government's theory is that Nickolas earned income from the fraud and then lied about it.  This supports joinder.  *See United States v. Bibby*, 752 F.2d 1116, 1121 (6th Cir. 1985)  ("Failure to report the income from an illegal activity is an act which does arise directly out of the common enterprise because concealment of ill-gotten gain is an integral part of assuring the success of that illegal activity."); *United States v. Midkiff*, 614 F.3d 431, 439 (8th Cir. 2010) ("Tax charges may be joined with fraud charges if the unreported income arises solely and directly out of the fraudulent scheme.  When the unreported income is derived from the charged conduct,

1  the tax offense is based on the same act or transaction as the other offenses.") (citations
2  omitted).

3       Moreover, the Government believes convicting Nickolas will depend on proving the
4  fraud and her receipt of proceeds therefrom. Rachel's contention that proving the fraud is
5  unnecessary to convict Nickolas on the separate counts is true in theory. The source of any
6  concealed income is unnecessary to convict Nickolas of lying on her tax return and on her
7  deferment request. Here, however, the Government intends to prove Nickolas earned
8  unreported income through the fraudulent scheme. In this case, the proof will overlap. *See*
9  *Satterfield*, 548 F.2d at 1344.

10       Joinder remains proper even though Rachel is not charged with the false statement
11  counts. *See United States v. Kenny*, 645 F.2d 1323, 1344 (9th Cir. 1981) (upholding joinder
12  of income tax evasion counts, which the government charged only against defendant Kenny
13  and not his codefendants, with other fraud counts collectively charged "inasmuch as they
14  arose directly and solely out of unreported income flowing from the illicit contracting
15  activities. Proof of those activities indeed constituted a substantial portion of the proof of the
16  joined (tax evasion) charges.") (quotation marks omitted); *see also Bibby*, 752 F.2d at 1121
17  ("It is appropriate to combine tax charges against one defendant with fraud charges against
18  that same defendant *and other codefendants* if the tax evasion charges arise directly out of
19  the common illicit enterprise.") (emphasis added). Given the logical relationship between
20  the counts, Rachel's authority to the contrary is unpersuasive. *See United States v.*
21  *Eagleston*, 417 F.2d 11, 14 (10th Cir. 1969) (finding misjoinder after limited analysis where
22  government charged defendant with two counts in three-count indictment, did not charge a
23  conspiracy, and charged codefendant alone with stealing a car that preceded the defendants'
24  joint burglary by two weeks and which was not used to facilitate it).

## II. RULE 14

Despite the "preference for joint trials where defendants have been jointly indicted," *United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008), Rule 14 permits severance to avoid substantial prejudice:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Civ. P. 14(a). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Ninth Circuit has articulated the substantive rights at risk: "unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).

Rachel asserts that antagonistic defenses, an inability to procure exculpatory evidence, and differing degrees of culpability will hazard his trial rights. He argues the absence of available alternative remedies warrants severance.

First, Rachel predicts mutually antagonistic defenses. Noting that he disbursed borrowers' deposits from escrow funds to the other Defendants at the direction of Nickolas and Brewer pursuant to the terms of the escrow agreements, Rachel asserts his defense "is irreconcilable with any other defense to be raised by the other defendants." Doc. 311 at 8.

> Antagonism between defenses or the desire of one defendant to exculpate himself by inculpating a codefendant, however, is insufficient to require severance. To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant.

- 4 -

*United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996) (citations omitted).

Rachel does not articulate with particularity, however, why acceptance of his defense would preclude acquittal for Brewer and Nickolas, or vice versa. A jury could conclude that Rachel knew nothing of the fraudulent scheme without necessarily rejecting defenses offered by other Defendants. And a jury that acquits the other Defendants may be more likely to acquit Rachel given his apparently more limited role. At oral argument on the previous motions to sever, the Court expressed concern about the level of abstraction in Brewer and Cutulle's argument regarding adverse defenses. They expect a credibility contest with Nickolas over principal responsibility. Rachel's motion is even less specific. The abstract potential for antagonistic defenses does not require severance.

Second, Rachel argues a joint trial violates his rights to compulsory process and to present a defense by precluding the exculpatory testimony of codefendants who decline to testify.

> In considering a motion to sever based on the allegation that a codefendant will provide exculpatory testimony, the trial court must weigh several factors, including the good faith of the intent to have a codefendant testify, the probability that the testimony will materialize, the economy of a joint trial, the possible weight and credibility of the predicted testimony, and the degree to which the predicted testimony is exculpatory.

*United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992).

Rachel believes testimony from Brewer and Nickolas would establish that Rachel made all escrow disbursements at their direction and that Rachel was uninvolved with acts not directly related to escrow, such as identifying borrowers and negotiating loan agreements. The extent to which such testimony is exculpatory, however, is unclear. The emails attached to his motion appear to support his claim that Brewer and Nickolas directed the disbursements even without their testimony. And if Rachel was apprised of the alleged scheme, lack of involvement in identifying victims may not exculpate him.

More importantly, Rachel has offered nothing but his belief that Brewer and Nickolas would in fact testify at a separate trial. *Compare United States v. Larios-Montes*, 500 F.2d 941, 944 (9th Cir. 1974) (affirming denial of motion to sever where codefendant's

attorney would not substantiate defendant's claim that if a severance were granted his co-defendant would testify in his favor) *with United States v. Vigil*, 561 F.2d 1316, 1317 (9th Cir. 1977) (reversing denial of motion to sever where defendant's counsel (1) filed an affidavit with the motion swearing that he intended to call codefendant at separate trial, (2) swore that codefendant's counsel told him codefendant would provide exculpatory testimony, and (3) in the presence of codefendant's counsel, stated that [codefendant] would be willing to testify at a separate trial but that it would be impossible to compel him to do so at a joint trial"). *See also United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (affirming denial of motion to sever and noting that "a motion for severance on the ground of absence of a codefendant's testimony must be accompanied by more than a basic, unsupported contention that a separate trial would afford the defendant exculpatory testimony"). This is insufficient to require severance.

Finally, Rachel perceives prejudice arising from his codefendants' substantially greater degree of culpability. This is aggravated because the "vast majority of the evidence is against the co-defendants" and at least one of his codefendants has prior convictions that are "likely" to be elicited. Difference in culpability, however, does not require severance in the absence of substantial prejudice. *See Richardson v. Marsh*, 481 U.S. 200, 210 (1987); *United States v. Nersesian*, 824 F.2d 1294, 1304 (2d Cir. 1987) ("That one appellant's role in the conspiracy may have been smaller or less central than that of certain other co-conspirators does not mandate a separate trial."). To the contrary, differences in culpability are common in multidefendant prosecutions. *See United States v. Aloi*, 511 F.2d 585, 598 (2d Cir. 1975) ("Quite naturally in any multi-defendant trial there will be differences in degree of guilt and possibly degree of notoriety of the defendants."). The difference in degree presented here does not rise to the level present in Rachel's authority. *See United States v. Sampol*, 636 F.2d 621, 645 (D.C. Cir. 1980) (requiring separate trials for codefendants accused of "grossly disparate crimes"); *United States v. Mardian*, 546 F.2d 973, 977–78 (D.C. Cir. 1976) (requiring separate trials where government charged defendant with only one of multiple counts charged against his codefendants and alleged his

involvement in only five of the forty-five overt acts pursuant to that single conspiracy count). Because Rachel has not demonstrated substantial prejudice from a joint trial, differing degrees of culpability do not warrant severance.

Thus, Rachel need not be tried alone. Especially because the Government has charged Rachel with being a conspirator in the fraudulent scheme, joint trial is appropriate. *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005) ("[A] joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials."); *see also Escalante*, 637 F.2d at 1201. Cautionary instructions will ensure Rachel receives a fair trial.

Alternatively to broad severance from his codefendants, Rachel requests counts 29 and 30 be severed. But these additional counts against Nickolas do not create any special prejudice to Rachel. Evidence establishing the nature of the unreported income is likely to come in anyway to establish the substance of the alleged fraud. *See Kenny*, 645 F.2d at 1345. And to the extent some of the evidence offered to prove counts 29 and 30 is admissible only against Nickolas, limiting instructions will protect against any spillover effect. Thus, Rachel has not demonstrated sufficient prejudice to require a general severance from his codefendants or a more narrow severance of counts 29 and 30.

IT IS THEREFORE ORDERED denying Defendant's Motion to Sever (Doc. 311).

Dated this 1st day of August, 2014.

_____
Neil V. Wake
United States District Judge