**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Debra Ann Nickolas, et al.,<br><br>　　　　　　　Defendants. | No. CR-12-01927-PHX-NVW<br><br>**ORDER** |

Before the Court are Motions for Judgment of Acquittal by Defendants Kirby (Doc. 519), Cutulle (Doc. 520) and Rachel (Doc. 524), as well as the Government's Response (Doc. 536) and Replies by Rachel (Doc. 551) and Kirby (Doc. 552). On September 30, 2014, at the close of the Government's case, all four Defendants made an oral Motion (Doc. 472) pursuant to Federal Rule of Criminal Procedure 29(a), which instructs courts to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Court reserved the motion for ruling after verdict. Defendants renewed their motion at the close of all the evidence, and after verdict the Court denied all aspects of the motion except those relating to the money laundering charges, which it continued to reserve, and ordered the parties to submit briefing.

When deciding a Rule 29 motion, a court "must view the evidence in the light most favorable to the government and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Chapman*, 528 F.3d 1215, 1218 (9th Cir. 2008) (citation and internal quotation

marks omitted).  For the reasons that follow, Kirby's and Cutulle's Motions will be denied.

## I.     DEFENDANT KIRBY

Kirby challenges the sufficiency of the evidence against him on two grounds. First, he alleges the Government failed to produce evidence establishing the criminal intent necessary to sustain a conviction for money laundering.  "A conviction for money laundering under 18 U.S.C. § 1957 requires the government to show: (1) the defendant knowingly engaged in a monetary transaction; (2) he knew the transaction involved criminal property; (3) the property's value exceeded $ 10,000; and (4) the property was derived from a specified unlawful activity." *United States v. Rogers*, 321 F.3d 1226, 1229 (9th Cir. 2003) (citation omitted).  According to Kirby, the evidence produced at trial showed only that he disbursed funds in accordance with the terms of written escrow agreements; there was no evidence that his "actions were motivated by criminal intent." Doc. 519 at 4.  But the Government was not required to prove any mens rea greater than Kirby's knowledge that he engaged in a monetary transaction involving criminal property.  Knowledge "can be inferred from circumstantial evidence." *See United States v. Thompson*, 82 F.3d 849, 854 (9th Cir. 1996) (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)).  Here, there was ample evidence from which the jury could conclude that Kirby knew he had engaged in monetary transactions and that those transactions involved criminal property.[1]  Some of the evidence was discussed at the oral ruling.

---

[1] As it previously denied all aspects of Defendants' Rule 29 motions not pertaining to money laundering, Kirby's contention that the evidence at trial was insufficient to establish the mens rea required for wire fraud is again denied.  Kirby also asserts the Government did not prove the requisite mental state for conspiracy.  To the extent this assertion is relevant to Kirby's second Rule 29 ground, discussed below, the Court will address it briefly.  "In the case of a charge of conspiracy to violate [a] federal statute the government must prove at least the degree of criminal intent necessary for the substantive offense itself." *United States v. Licciardi*, 30 F.3d 1127, 1131 (9th Cir. 1994) (quoting *United States v. Feola*, 420 U.S. 671, 686 (1975)) (internal quotation marks omitted). Because the jury could conclude Kirby possessed the required mens rea for money laundering, it could reach the same conclusion regarding the conspiracy charge.

Second, Kirby claims he should be acquitted of Counts 17-28, which relate to monetary transactions that occurred in 2010 and 2011, because he did not serve as the escrow agent for any accounts established after October 2009. Kirby, however, was charged with all money laundering counts in the Superseding Indictment (Doc. 127) under a theory of conspiracy liability. The federal *Pinkerton* doctrine holds that "a defendant charged with participating in a conspiracy may be subject to liability for offenses committed as part of that conspiracy, even if the defendant did not directly participate in each offense." *United States v. Grasso*, 724 F.3d 1077, 1089 (9th Cir. 2013) (citations omitted). That is, "*Pinkerton* renders all co-conspirators criminally liable for reasonably foreseeable overt acts committed by others in furtherance of the conspiracy they have joined, whether they were aware of them or not." *Id.* (citation and internal quotation marks omitted). Given Kirby's extensive involvement in the conspiracy in 2009, a jury could reasonably conclude it was foreseeable that other co-conspirators would continue to engage in similar transactions in the future.

## II.     DEFENDANT CUTULLE

Cutulle's Rule 29 Motion accuses the Government of being too specific in its Superseding Indictment. Counts 2-7 of that Superseding Indictment charge the Defendants with wire fraud based on six specific communications between April and June of 2009. Counts 8-28 then allege the Defendants laundered money through a series of transactions "in criminally derived property of a value greater than $10,000, such property having been derived from Wire Fraud, a specified unlawful activity, with each instance being a separate count of this Indictment." Doc. 127 at 7. According to Cutulle, because the Superseding Indictment specified six instances of wire fraud in Counts 2-7, only those six instances—and not any uncharged examples of wire fraud—can constitute the wire fraud referenced in the money laundering Counts. Therefore, on Cutulle's view, there is necessarily insufficient evidence to support conviction on any money laundering Counts growing out of transactions after June 3, 2009, the date of the last communication

charged in the wire fraud Counts. As a result, the Court should grant a judgment of acquittal on Counts 11-28.

As Cutulle concedes in his Motion, the Government is not required, when charging money laundering, to include any information about exactly how the property at issue was criminally derived, other than a bare assertion that it is a product of one of the "specified unlawful activit[ies]" enumerated by reference in 18 U.S.C. § 1957(f)(3). *See United States v. Smith*, 44 F.3d 1259, 1265 (4th Cir. 1995) ("Just because the statute requires that funds be obtained from '*specified*' unlawful activity does not mean that the government is required to detail the circumstances of the unlawful activity. … Count 9 of [the defendant's] indictment alleged not only that proceeds were derived from specified unlawful activity, but that the activity violated 18 U.S.C. § 1343, which penalizes wire fraud. Nothing more need be alleged." (emphasis in original)). Cutulle argues, however, that when the Government charges a defendant with both money laundering and the specified unlawful activity underlying it—i.e., in this case, wire fraud—"[a]ny money laundering conviction that is sustained must be limited to the [specified unlawful activity] specified in these separate counts" because "the [specified unlawful activity] on which the defendant is put on notice becomes the separate counts." Doc. 520 at 10. To support this argument, Cutulle points out that the money laundering Counts in the Superseding Indictment incorporated the preceding paragraphs 1-13, which lay out the background of the case, the conspiracy charge and the wire fraud charges.

Cutulle cites no caselaw to recommend his position, and other courts have found to the contrary. In *United States v. Tencer*, No. 95-31135, 1997 U.S. App. LEXIS 12778 (5th Cir. Mar. 10, 1997), the defendant "was convicted of one count of conspiracy to commit mail fraud and money laundering in violation of 18 U.S.C. § 371 (count 1); seventeen counts of mail fraud in violation of 18 U.S.C. § 1341 (counts 2-18); and eighteen counts of money laundering in violation of 18 U.S.C. § 1956 (counts 19-29, 31-37)." 1997 U.S. App. LEXIS 12778, at *3. On appeal, the Fifth Circuit reversed the convictions for mail fraud counts 2-10, and the defendant argued that his money

laundering convictions should therefore also be overturned because "the relevant money laundering counts in the indictment (counts 31-36) identified the funds at issue as 'proceeds of specified unlawful activity, that is, the knowing and intentional commission of mail fraud.'" *Id.* at *21-24. The court rejected this argument, finding that "[b]ecause the money laundering counts do not define 'specified unlawful activity' in terms of the mail fraud activities described in counts 2-18, this court is not limited to considering only those activities." *Id.* at *24 (citation omitted). In making this determination, the Fifth Circuit found it irrelevant that the money laundering counts "incorporated by reference paragraphs in the indictment describing the nature of the scheme to defraud." *Id.* The Seventh Circuit has reached a similar conclusion, albeit in a case in which the money laundering counts apparently did not incorporate by reference the paragraphs describing the wire fraud counts. *See United States v. Mankarious*, 151 F.3d 694, 703 (7th Cir. 1998). These two cases support the view that where wire fraud and money laundering are alleged in the same indictment, and wire fraud is the specified unlawful activity referenced in the money laundering counts, money laundering convictions can rest on communications other than those that comprise the wire fraud counts. Cutulle's Motion fails as a matter of law.

### III.    DEFENDANT RACHEL

Rachel argues that no rational jury could conclude he had any knowledge of or intent to accomplish the known object of the conspiracy, with the result that he cannot be found to have joined the conspiracy. As a result, he claims, there can be no *Pinkerton* liability for the transactions in Counts 17-28, in which Rachel was not otherwise personally involved, and his convictions on those counts should be reversed. Alternatively, if the Court finds—on the basis of a September 22, 2010 telephone conversation admitted into evidence—that the jury could conclude Rachel joined the conspiracy only on that date, he asks the Court to grant judgments of acquittal on Counts 17-19, which grow out of transactions in March, May and June of 2010.

1  Perhaps because it attempts to address arguments raised in three separate Motions, the Government's Response does not identify the particular evidence on which the Government believes a rational jury could rely in determining the date when Rachel joined the conspiracy. Where the Response does cite specific pieces of evidence, its discussion of them is perfunctory. If the Government believes Rachel's May 13, 2010 email, which it mentions in its Response, sufficiently establishes Rachel's involvement in the conspiracy as of that date, it should explain its argument more thoroughly. Alternatively, if the Government concedes that the evidence does not support membership in the conspiracy until some later date, the Government should identify that date, point to the specific evidence on which the jury could rely in reaching the same conclusion, and provide a detailed analysis. Clarifying the argument in this way will permit Rachel to submit a more fruitful reply. The parties will therefore be ordered to submit supplemental briefing that cites to the evidence and applicable caselaw.

Rachel also joined in Cutulle's Motion seeking acquittal on the ground that any money laundering Counts may only be based on specific instances of wire fraud listed in the Superseding Indictment. For the reasons explained above, this Motion will be denied.

At trial, Defendant Brewer joined in his co-defendants' oral Motion for acquittal. Insofar as Brewer's Motion rested on the contention raised by Cutulle—that the wire fraud and money laundering Counts must coincide—that Motion is denied for the reasons stated above. Brewer did not submit any briefing on the reserved portion of his oral Motion by the October 16, 2014 deadline set by the Court. For that reason, any grounds for Brewer's Motion other than that raised by Cutulle have been waived.

IT IS THEREFORE ORDERED that the Motions for Judgment of Acquittal filed by Defendants Kirby (Doc. 519) and Cutulle (Doc. 520) are denied.

IT IS FURTHER ORDERED that to the extent he joins Cutulle's Motion, Defendant Rachel's Motion for Judgment of Acquittal (Doc. 524) is denied.

IT IS FURTHER ORDERED that Brewer's oral Motion for Judgment of Acquittal (Doc. 472) is denied.

IT IS FURTHER ORDERED that by November 21, 2014, the Government shall file supplemental briefing addressing the issues described above. Rachel may file a response by December 1, 2014.

Dated this 10th day of November, 2014.

Neil V. Wake
United States District Judge